Bogy *. Rhodes.

## BOGY v. RHODES.

Where R. sold to B. a quantity of wood delivered on a boat at a landing, at a stipulated price per cord; and where the boat containing the wood was taken from the landing by B., without ascertaining the exact quantity of wood, and while towing the boat from said landing it was sunk and the wood lost: held, that B. had possession of the wood, and was liable to R.

The rule that a sale of property is not complete, when any thing remains to be done by the vendor, such as measurement. in order to ascertain the quantity, &c., applies only to cases of constructive delivery.

*Appeal from Dubuque District Court.*

*Opinion by* GREENE, J. This action was commenced before a justice of the peace, on an account for thirty-three cords of wood. Judgment was rendered in favor of plaintiff, Rhodes, for thirty cords of wood at two dollars a cord. The case was taken to the district court on writ of error; judgment in favor of Rhodes for $61 50.

It is claimed that plaintiff should not have recovered, because the testimony does not show a delivery of the wood.

It appears that the wood was furnished according to contract, at a landing about six miles below Dubuque, on board of a flat boat; that thirty cords were delivered from the landing on board of the boat, and that four or five wagon loads, in addition, were put on the flat boat; that the plaintiff was to have two dollars per cord for the wood delivered on the flat boat at the landing; that defendant was to take it from said landing with his ferry boat; that he came for the wood accordingly, and while towing the wood boat from the landing to Dubuque, the boat was sunk and all the wood lost.

It is claimed that as the quantity of wood was not fully ascertained by measurement, the right to the property was not changed, and therefore the loss should fall upon the

plaintiff. The evidence clearly shows that there was at least thirty measured cords of wood delivered upon the boat, besides four or five wagon loads, and that the wood was to be delivered to the defendant at the landing. It follows, then, that the defendant became liable for the wood the moment he took possession and started with it from the landing. The fact that he neglected to see the wood measured, before starting, could not remove his liability.

We fully concede the doctrine that on a sale of property, when any thing remains to be done by the vendor, in order to ascertain the value, quality or quantity, the delivery is not complete.

But this rule is applicable only to cases of constructive delivery and cannot prevail against the vendor of the wood in this case. He had caused thirty cords of the wood to be measured before it was placed upon the flat boat. True, the exact quantity of the four or five additional loads was not ascertained, but the plaintiff had taken actual possession of all. It was all actually delivered to him, and therefore the rule above referred to is not applicable to his case. In *Macambee* v. *Parker*, 13 Pick., 175, it was held that, where a quantity of goods bargained for at a certain rate, is actually delivered, the sale is complete, although the goods are to be counted, weighed or measured, in order to ascertain the amount to be paid for them. See also *Sumner* v. *Hamlet*, 12 Pick., 76, 82.

Judgment affirmed.

*Hempstead* and *Burt*, for appellant.

*L. Clark*, for apellee.